# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDITHA M. FLORES,<br><br>            Plaintiff,<br><br>      v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br><br>            Defendant. | Case No. CV 15-5734 DDP (AFM)<br><br>**ORDER TO SHOW CAUSE** |

It appears from the face of plaintiff's Complaint, which was lodged for filing on July 29, 2015, that plaintiff is seeking review of a decision by the Commissioner of Social Security that became final on January 28, 2015 (when the Appeals Council denied plaintiff's request for review).

Section 205(g) of the Social Security Act affords a claimant "sixty days" from "mailing" of notice of the Commissioner's final decision or "such further time as the Commissioner of Social Security may allow" in which to commence a civil action. 42 U.S.C. § 405(g). "[T]he Congressional purpose, plainly evidenced in Section 205(g), [was] to impose a 60-day limitation upon judicial review of the Secretary's final decision on the initial claim for benefits." *Califano v. Sanders*, 430 U.S. 99, 108, 97 S. Ct. 980, 51 L. Ed. 2d 192 (1977). "In addition to it serving

its customary purpose, the statute of limitations embodied in § 405(g) is a mechanism by which Congress was able to move cases to speedy resolution in a bureaucracy that processes millions of claims annually." *Bowen v. City of New York*, 476 U.S. 467, 481, 106 S. Ct. 2022, 90 L. Ed. 2d 462 (1986). The Ninth Circuit repeatedly has upheld the 60-day statute of limitations, in affirming the dismissal of claims which were not timely filed. *See, e.g.*, *Banta v. Sullivan*, 925 F.2d 343 (9th Cir. 1991); *Matlock v. Sullivan*, 908 F.2d 492 (9th Cir. 1990); *Peterson v. Califano*, 631 F.2d 628 (9th Cir. 1980).

Here, if measured from January 28, 2015, when the Complaint alleges that the Appeals Council decision was issued, plaintiff's federal filing deadline (including the 5 additional days for service by mail) was April 3, 2015. The Complaint does not allege that the Appeals Council extended plaintiff's time in which to commence a civil action. Accordingly, it appears from the face of the Complaint that, when it was lodged for filing on July 29, 2015, the limitations period already had run.

Accordingly, on or before August 25, 2015, plaintiff is ORDERED to show good cause in writing, if any exists, why the Court should not recommend that this action be dismissed for untimeliness.

DATED: August 4, 2015

_____
ALEXANDER F. MacKINNON
UNITED STATES MAGISTRATE JUDGE